UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| BOBBY J.R. BOSTIC, II, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 1:18-cv-638 (CMH/TCB) |
| DEPARTMENT OF SOCIAL SECURITY, | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION**

Pursuant to the Social Security Act § 205(g), 42 U.S.C. § 405(g), Bobby J.R. Bostic, II, ("Plaintiff") seeks judicial review of the final decision of Department of Social Security—i.e. Nancy A. Berryhill, the former Acting Commissioner of Social Security[1]— ("Defendant"), finding that Plaintiff was no longer disabled and therefore not entitled to continued Supplemental Security Income ("SSI") pursuant to Title XVI of the Social Security Act. On September 4, 2018, the certified Administrative Record ("R.") was filed under seal, pursuant to Local Civil Rules 5(B) and 7(C)(1). On November 21, 2018, Defendant filed its motion for summary judgment. Plaintiff did not file a motion for summary judgment or an opposition to Defendant's motion. Nonetheless, the matter is now ripe for resolution.[2] Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned U.S.

---

1. As of November 17, 2017, Defendant's status as Acting Commissioner of Social Security violated the Federal Vacancies Reform Act of 1988, which limits the time a position can be filled by an acting official. See U.S. GOV'T ACCOUNTABILITY OFF., B-329853, VIOLATION OF THE TIME LIMIT IMPOSED BY THE FEDERAL VACANCIES REFORM ACT OF 1998—COMMISSIONER, SOCIAL SECURITY ADMINISTRATION (Mar. 6, 2018). However, Defendant appears to continue to functionally lead the Social Security Administration ("SSA") and is the proper defendant in this case.

2. The motions and briefs in this case include Defendant's Motion for Summary Judgment (Dkt. 21) ("Def.'s Mot. Summ. J."), and Memorandum of Law in Support of Defendant's Motion for Summary Judgment and Opposition to Plaintiff's Request for Relief (Dkt. 22) ("Def.'s Mem. Supp."). Plaintiff did not file a response in opposition to Defendant's motion for summary judgment or a reply in support of her motion for summary judgment.

Magistrate Judge recommends, for the following reasons, that Defendant's Motion for Summary Judgment (Dkt. 21) be GRANTED, and that the final decision of Defendant be AFFIRMED.

## I. PROCEDURAL BACKGROUND

Plaintiff initially applied for SSI on November 28, 2006. (R. at 70, 165-71.) On April 5, 2007, Plaintiff was found to be disabled as of November 1, 2006, due to schizoid personality disorder and attention deficit hyperactivity disorder. (R. at 66, 70-83.) On November 24, 2014, a state agency physician determined Plaintiff was no longer disabled due to a medical improvement. (R. at 67-68.) Plaintiff sought reconsideration of the state agency physician's decision. (R. at 87-90.) On January 21, 2016, Plaintiff appeared before a Disability Hearing Officer for a reconsideration hearing. (R. at 107.) Several weeks later, on February 4, 2016, the Disability Hearing Officer issued a decision upholding the initial finding that Plaintiff was no longer disabled. (R. at 107-21.) Plaintiff then requested a hearing before an ALJ. (R. at 122.) Plaintiff appeared before an ALJ for a hearing on September 22, 2016, where Plaintiff was represented by an attorney, and during which the testimonies of Plaintiff and a vocational expert ("VE") were taken. (R. at 33-65.) The ALJ issued a decision on March 6, 2017, finding Plaintiff was no longer disabled as of November 24, 2014. (R. at 16-32.)  On April 27, 2017, Plaintiff requested review of the ALJ's decision to the Appeals Council for the Office of Disability and Adjudication and Review ("Appeals Council"). (R. at 153-64.) The Appeals Council denied Plaintiff's request for review on January 12, 2018, making the ALJ's decision the final decision of Defendant. (R. at 8-13.)

After several extensions, on May 30, 2018, Plaintiff filed her Complaint for judicial review of Defendant's decision. (Dkt. 1.) Defendant filed her timely answer on September 4, 2018. (Dkt. 13.). On September 5, 2018, the Court entered a scheduling order, setting October 2, 2018, as the deadline for Plaintiff to file a motion for summary judgment. (Dkt. 16.) On October 3, 2018,

2

Plaintiff filed a letter with the Court requesting the Court to appoint counsel and for an extension to file his motion for summary judgment. (Dkt. 18.) The Court denied Plaintiff's request for appointment of counsel but granted Plaintiff a nearly month-long extension to file his motion for summary judgment. (Dkt. 19.) On October 31, 2018, Plaintiff submitted another letter to this Court (Dkt. 20.) Plaintiff's mother, not Plaintiff himself, signed the letter. (*Id.*) On November 21, 2018, Defendant filed her Motion for Summary Judgment. (Dkt. 21.) Plaintiff did not file a reply. The matter is now ripe for review.

## II. STANDARD OF REVIEW

Under the Social Security Act, the Court's review of Defendant's final decision is limited to determining whether the ALJ's decision was supported by substantial evidence in the record and whether the correct legal standard was applied in evaluating the evidence. 42 U.S.C. § 405(g); *Bird v. Comm'r of Soc. Sec.*, 699 F.3d 337, 340 (4th Cir. 2012).

Substantial evidence has long been described as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Put another way, substantial evidence is "more than a mere scintilla of evidence but may be less than a preponderance." *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015). In reviewing for substantial evidence, the Court must examine the record as a whole, but it may not "undertake to re-weigh the conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001). The Court must defer to Defendant's decision "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005). The correct law to be applied includes the Social Security Act, its implementing regulations, and controlling case law. *See Coffman v. Bowen*, 829 F.2d 514, 517-18 (4th Cir. 1987).

3

While the aforementioned standard of review is deferential, where the ALJ's determination is not supported by substantial evidence on the record, or where the ALJ has made an error of law, the district court must reverse the decision. *See id.* at 517. With this standard in mind, the undersigned evaluates the ALJ's findings and decision.

### III. THE ALJ'S DECISION

When determining whether a claimant—who was previously determined to be disabled—continues to be disabled under applicable regulations, the ALJ is required to apply an seven-step sequential evaluation process. *See* 20 C.F.R. § 416.994(b)(5)(i)-(vii). The undersigned examines this seven-step process on appeal to determine whether the correct legal standards were applied, and whether Defendant's resulting decision is supported by substantial evidence. In accordance with the seven-step sequential analysis, the ALJ made the following findings of fact and conclusions of law.

At step one of the sequential evaluation, the ALJ found that Plaintiff, as of November 24, 2014, did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. at 21-22.) At step two, the ALJ found that a medical improvement occurred as of November 24, 2014. (R. at 22.) In between steps two and three of the sequential evaluation, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform work at all exertional levels with the nonexertional limitation that claimant could perform simple, routine, repetitive tasks with no production rate for pace of work. (R. at 22-25.) At step three of the sequential evaluation, the ALJ found Plaintiff's medical improvement related to the ability to work as it resulted in an increase in Plaintiff's RFC. (R. at 25.) At step four, the ALJ made no findings as the ALJ previously found a medical improvement related to Plaintiff's ability to work. At step five of the sequential evaluation,

4

the ALJ found that Plaintiff's mental impairments were still severe but that his right arm impairment was not severe. (R. at 25-26.) At step six, the ALJ found that Plaintiff had no past relevant work. (R. at 26.) At step seven, the ALJ found that Plaintiff could perform work that exists in significant numbers in the national economy. (R. at 26-27.) Therefore, the ALJ concluded that Plaintiff's disability ended on November 24, 2014, and that Plaintiff had not become disabled again since that date. (R. at 27.)

## IV. ANALYSIS

Defendant makes three main arguments for why the Court should affirm her decision. First, Defendant contends that Plaintiff essentially abandoned this appeal and that the Court should not consider the letter filed by Plaintiff's mother. (Def.'s Mem. Supp. at 16-18.) Second, Defendant asserts that substantial evidence supports the ALJ's decision. (*Id.* at 16-23.) Finally, the supplemental evidence submitted by Plaintiff to the Appeals Council and to this Court does not warrant a remand. (*Id.* at 23-27.) The undersigned addresses each argument in turn.

### 1. Plaintiff's Mother's Filing

Defendant argues Plaintiff's mother may not pursue this appeal on Plaintiff's behalf and, thus, inappropriately filed the October 31st letter brief with the Court. Parties may only proceed in federal court *pro se* or through counsel. *See* 28 U.S.C. § 1654; *see also Farina v. Comm'r of Soc. Sec.*, 670 F. App'x 756, 757-58 (3d Cir. 2016) (per curiam). This general rule applies to social security cases as the "Fourth Circuit has not recognized any rule of standing that would allow the non-attorney parent of an adult child [to] handle that child's appeal from the Social Security Administration's unfavorable decision." *Clauden v. Comm'r Soc. Sec.*, No. 4:10-cv-00034, 2011 WL 2003445, at *2 (W.D. Va. May 24, 2011).

Here, Plaintiff signed most pleadings and filings with the Court himself. Most importantly,

Plaintiff, not Plaintiff's mother, signed the complaint. (Dkt. 1 at 6.) Therefore, the undersigned does not find that Plaintiff's complaint should be dismissed for lack of subject-matter jurisdiction. *Cf. Clauden*, 2011 WL 2003445, at *2 (dismissing case because Plaintiff's mother, who was not an attorney, signed the pleadings). However, Plaintiff's mother did sign the October 31st letter filed with the Court. (Dkt. 20 at 1, 7.) That signature presents a problem. Plaintiff's mother is not a member of the bar of any state, "and put simply, 'federal courts have been uniformly hostile to attempts by non-attorneys to represent others in court proceedings.'" *Taylor v. Omeechevarria*, Case No. 1:12-cv-584, 2012 WL 12893525, at *4 (E.D. Va. Dec. 28, 2012) (quoting *Brown v. Ortho Diagnostic Sys., Inc.*, 868 F. Supp. 168, 170 (E.D. Va. 1994)). Therefore, Plaintiff's October 31st submission is inappropriate and should be stricken. Accordingly, the undersigned recommends that the Court may reach the merits of the case as it possesses subject-matter jurisdiction but should strike the brief filed by Plaintiff's mother.

2. Substantial Evidence Supports the ALJ's Decision

Plaintiff, failing to file a proper motion for summary judgment, raises no points of error. Typically, "[t]his Court generally decides appeals under the Social Security Act by considering the issues raised and argued in a plaintiff's brief. Courts are not required to guess as to grounds for an appeal, nor are they obliged to scour an evidentiary record for every conceivable error." *Ricks v. Comm'r of Soc. Sec.*, No. 2:09-cv-622, 2010 WL 6621693, at *7 n.7 (E.D. Va. Dec. 29, 2010) (quoting *Womack v. Astrue*, No. CIV-07-167-W, 2008 WL 2486524, at *5 (W.D. Okla. June 19, 2008)). However, a "reviewing court may not . . . abdicate its traditional judicial function, nor escape its duty to scrutinize the record as a whole to determine whether the conclusions reached are reasonable, and whether the hearing examiner applied correct legal standards to the evidence." *Id.* (internal quotations omitted). A litigant's failure to raise an error does not obviate the court's

6

duty to correct prejudicial errors. Therefore, the undersigned will nonetheless conduct a review of the record to ensure the ALJ made no clear error of law and that substantial evidence supports the decision.

In reviewing the record, the ALJ clearly applied the correct legal standard. As noted above, the ALJ addressed, as appropriate, each part of the seven-step sequential evaluation analysis prior to reaching a decision. *See supra* Part III. The ALJ summarized the applicable standard in detail and then applied that standard faithfully to the facts of the case. (R. at 19-27.) Accordingly, the ALJ made no clear error of law in this regard.

Next, the undersigned reviews the record to confirm that substantial evidence supports the ALJ's decision. Upon review, the undersigned finds the ALJ's decision is supported by substantial evidence. However, for the sake of completeness, the undersigned highlights several sections of the decision where, in other cases, disputes often arise.

For example, the ALJ provided a substantial discussion of the medical evidence in reaching his decision at step one that Plaintiff did not have an impairment or combination of impairments that equaled the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. at 21-22.) The ALJ noted that the objective medical evidence contradicted Plaintiff's testimony regarding short-term memory loss. (R. at 21, 439-40, 469.) The ALJ also recognized that though Plaintiff possesses limitations regarding interacting with others as well as concentrating, persisting, or maintaining pace, (R. at 21), the evidence established Plaintiff did, at times, successfully interact with others and could maintain concentration for extended periods of time (R. at 21, 49-50, 60-61, 384, 439). Therefore, the undersigned finds that the ALJ's step one decision was not conclusory and was instead supported by substantial evidence.

Additionally, the ALJ properly formulated Plaintiff's RFC. The ALJ appropriately applied

7

the two-step process, *see Craig v. Chater*, 76 F.3d 585, 594-95 (4th Cir. 1996), and noted that Plaintiff's impairments required the ALJ to make a credibility determination regarding Plaintiff's statements about the intensity, persistence, functional limitation, or other symptoms. (R. at 23.) The ALJ properly afforded weight to Plaintiff's own testimony. *See Carpenter v. Berryhill*, No. 3:17-248 (REP), 2018 WL 3385191, at *12 (E.D. Va. May 31, 2018), *report and recommendation adopted*, No. 3:17-248, 2018 WL 3385175 (E.D. Va. July 11, 2018). ("This Court must give great deference to the ALJ's credibility determinations." (citation omitted)). The ALJ noted Plaintiff testified that he (1) played in a band for performances up to an hour long, (2) practiced once a week, (3) struggled to move equipment heavier than 75 pounds, (4) shoveled snow for a neighbor, (5) went finishing once a month, (6) played video games, (7) took no medication for his shoulder, and (8) that ADHD medication helped him concentrate. (R. at 21, 23-25.) Furthermore, the ALJ properly assessed the medical opinion evidence in the record. The ALJ specifically described the weight given to each medical opinion and explained his rationale for doing so. (R. at 25.) Finally, the ALJ's RFC complied with the Fourth Circuit's *Mascio* decision. *See Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015). In that case, the Fourth Circuit held that "an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work.'" *Id.* (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)). Here, the ALJ's RFC and proposed hypothetical to the VE addressed both the complexity of work Plaintiff could perform as well as what pace Plaintiff could sustain such work. (R. at 22, 40.); *cf. Kenneth J. v. Comm'r, Soc. Sec.*, Civil Case No. GLR-18-1547, 2019 WL 127360, at *1, *3 (D. Md. Jan. 8, 2019), *report and recommendation adopted*, No. GLR-18-1547, 2019 WL 669901 (D. Md. Jan. 29, 2019) (remanding where ALJ failed to comply with *Mascio* even though *pro se* plaintiff did not file a motion for summary

judgment or respond to defendant's motion for summary judgment).

Accordingly, the undersigned finds that the ALJ did not err in developing Plaintiff's RFC and that substantial evidence supports the ALJ's decision.

### 3. Additional Evidence Submitted to the Appeals Council

Finally, the undersigned will consider if the Appeals Council erred by not reconsidering the ALJ's decision based on the submission of additional evidence by Plaintiff. In determining whether substantial evidence supports the ALJ's decision, a district court cannot consider evidence that was not presented to the ALJ. *See Smith v. Chater*, 99 F.3d 635, 638 n.5 (4th Cir. 1996) (citing *United States v. Carlo Bianchi & Co.*, 373 U.S. 709, 714–15 (1963)); *Huckabee v. Richardson*, 468 F.2d 1380, 1381 (4th Cir. 1972) (citing *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1970)) (noting that reviewing courts are restricted to the administrative record in determining whether substantial evidence supports the decision).

However, when a claimant submits evidence not already in the record to the Appeals Council, the Appeals Council must consider that evidence if it is new, material, relates "to the period on or before the date of the ALJ decision," and claimant articulates good cause for the late submission. 20 C.F.R. §§ 404.970(a)-(b), 416.1470(a)-(b); *see Wilkins v. Secretary, Dep't of Health & Human Services*, 953 F.2d 93, 95-96 (4th Cir. 1991) (quoting *Williams v. Sullivan*, 905 F.2d 214, 216 (8th Cir. 1990)). "Evidence is new if it is not duplicative or cumulative and is material if there is a reasonable possibility that the new evidence would have changed the outcome." *Meyer v. Astrue*, 662 F.3d 700, 705 (4th Cir. 2011) (internal quotation marks omitted). If the new evidence submitted to the Appeals Council meets both those requirements, the court "must review the record as a whole, including the new evidence, in order to determine whether substantial evidence supports the Secretary's findings." *Wilkins*, 953 F.2d at 96.

Here, the Appeals Council, as Defendant recognizes, acknowledged that Plaintiff's additional evidence was material to an issue considered and related to the relevant period, but that the additional evidence would not have changed the outcome. (R. at 8; Def's Mem. Supp. at 24.) The Appeals Council's decision, however, provides a very limited, if nonexistent, discussion of why the new evidence would not alter the outcome. In some circumstances, this might constitute grounds for a remand. *See Meyer*, 662 F.3d at 706-07 (remanding case where Appeals Council did not articulate any findings or analysis for why it denied review after receipt of new, material evidence). Those cases typically involve instances in which the ALJ specifically noted an evidentiary gap as a basis for the decision and where the evidence is not "one-sided." *Id.* at 707; *see also Clevenger v. Colvin*, No. 2:16-cv-14, 2016 WL 6236316, at *5 (N.D.W. Va. Oct. 25, 2016). Here, the ALJ did not note an evidentiary gap as basis for his decision. Additionally, upon review of the record, substantial evidence clearly supports the ALJ's decision. Accordingly, the undersigned finds that remand is not necessary even though the Appeals Council's decision included little analysis.

Moreover, the undersigned agrees with Defendant that Plaintiff fails to establish a reasonable probability that the additional evidence would have changed the ALJ's decision. For example, the ALJ was already aware that Plaintiff had torn ligaments in his shoulder and was awaiting surgery. (R. at 45, 547, 550, 564, 574-75.) The ALJ even specifically included a discussion of Plaintiff's potential shoulder surgery in his RFC analysis. (R. at 23.) The new evidence also confirms that Plaintiff continued to engage in physical activities, such as basketball (R. at 561), and thus does nothing to contradict Plaintiff's testimony that he consistently fished, shoveled snow, or played in a band. (R. at 49-51, 53-54, 59-60.) Therefore, the undersigned finds the Appeals Council did not err in holding that Plaintiff's new evidence did not present a

reasonable probability of changing the outcome.

On a final note, the undersigned draws attention to Plaintiff's potential failure to "show good cause" for submitting additional evidence to the Appeals Council. *See* 20 C.F.R. § 404.970(b). The Appeals Council did not address this issue, but it appears Plaintiff's purported rationale for the late submission is inadequate. (R. at 159.) Plaintiff states the records "were not considered because the dates were too old." (R. at 159.) Upon review of the additional evidence, the medical records range from 2014 to 2017. (R. at 504-654.) It is unclear then why Plaintiff did not submit these records to the ALJ. In particular, the majority of records pertaining to Plaintiff's shoulder and feet problems pre-date the ALJ's decision and Plaintiff offers no explanation why those could not have been submitted earlier. (Def.'s Mem. Supp. at 25.) Therefore, the undersigned finds that remand would also be inappropriate in this instance because Plaintiff failed to establish good cause for submitting additional evidence.[3]

## V. RECOMMENDATION

For the reasons set forth, the undersigned U.S. Magistrate Judge recommends that the Court STRIKE Plaintiff's Letter Brief (Dkt. 20), that Defendant's Motion for Summary Judgment (Dkt. 21) be GRANTED, and that the final decision of Defendant be AFFIRMED.

---

3. The undersigned does not believe a complete analysis regarding the additional evidence attached to Plaintiff's Letter (Dkt. 20) is necessary in this instance. As addressed previously, Plaintiff inappropriately made that filing as Plaintiff's mother, and not Plaintiff himself, signed the document. However, even if the Court were to accept that filing, it should not warrant remand as it fails to meet the standards set forth in *Borders v. Heckler*, 77 F.2d 954, 955 (4th Cir. 1985).

11

## VI. NOTICE

The parties are advised that objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of its service. Failure to object to this Report and Recommendation waives appellate review of any judgment based on it.

The Clerk is directed to send a copy of this Report and Recommendation to counsel of record and to:

Bobby J.R. Bostic, II
4506 Venable Avenue
Alexandria, VA 22304

/s/
Theresa Carroll Buchanan
United States Magistrate Judge

_____
THERESA CARROLL BUCHANAN
UNITED STATES MAGISTRATE JUDGE

March 21, 2019
Alexandria, Virginia